UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR., | No.  2:24-cv-3760 WBS AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| JAMES HILL,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Currently pending before the court is respondent's motion to dismiss the petition as untimely and unexhausted.  ECF No. 13.  As discussed below, respondent's motion to dismiss (ECF No. 13) should be GRANTED.

I.    Factual and Procedural Background

A.    Conviction and Sentence

In May 2019, petitioner was convicted in Sacramento County of four counts of robbery. Several sentencing enhancements were found true.  ECF No. 14-1 at 1.  On July 12, 2019, petitioner was sentenced to a determinate state prison term of thirty-two years.  Id.

---

[1]  Respondent moves the court to substitute James Hill, Warden of the Richard J. Donovan Correctional Facility where petitioner is incarcerated, as respondent for Jeffrey Macomber.  ECF No. 13 at 1, fn. 1.  The court agrees that Mr. Hill appears to be the proper respondent in this action and directs the Clerk to update the docket accordingly.

1

B.    Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed the Sacramento County Superior Court's judgment on December 9, 2021.  ECF No. 14-2.  With assistance of counsel, petitioner filed a petition for review with the California Supreme Court, contending that (1) the trial court abused its discretion by denying his request to reassert his Sixth Amendment right to counsel, and (2) his case should be transferred to the Court of Appeal for consideration of the potential impact of a recent amendment of Penal Code section 1170 to his sentence.  ECF No. 14-3.  On February 23, 2022, the California Supreme Court granted review and transferred the matter to the Court of Appeal with directions to vacate its prior decision and reconsider the matter in light of the recent Penal Code amendment. ECF No. 14-4.

On June 1, 2022, the Court of Appeal reconsidered the matter but concluded petitioner was not entitled to resentencing, and that petitioner's reappointment of counsel claim lacked merit.  ECF No. 14-5.  Petitioner's judgment was affirmed.  Id. at 12.  Petitioner filed a petition for review (ECF No. 14-6), which was denied by the California Supreme Court on September 14, 2022.  ECF No. 14-7.

Petitioner did not petition the United States Supreme Court for certiorari, and his conviction therefore became final on December 13, 2022.  See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) ("The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court." (citation omitted)).

C.    State Collateral Review

Petitioner filed a petition for writ of habeas corpus collaterally challenging his judgment with the Sacramento County Superior Court on March 15, 2024.  ECF No. 14-8.  Petitioner's three grounds for review alleged violations of California's Racial Justice Act.  Id.  Petitioner also included a handwritten declaration in support of his habeas petition that the state court construed as alleging a fourth claim, namely that statewide selective prosecution and enforcement of the three strikes law constituted a violation of petitioner's rights under the California Racial Justice

2

Act, the California Constitution, and his federal right to equal protection. ECF No. 14-8 at 56-58. The Superior Court considered each of petitioner's claims in a reasoned decision, and denied his habeas petition on March 25, 2024, because petitioner failed to state a prima facie case for relief. ECF No. 14-9. Petitioner filed no further state habeas petitions.

### D.  Federal Petition

The instant federal habeas petition was filed on December 24, 2024, alleging four grounds of relief. ECF No. 1. In ground one, petitioner argues his trial attorney violated California's Racial Justice Act when she exhibited "racially implicit bias" by waiving his rights without having any prior contact with him, thereby denying him a proper arraignment and plea. Id. at 2-6. In ground two, petitioner alleges the California's Racial Justice Act was violated because "enhanced prosecution efforts and resources" were used to charge and sentence him more harshly due to his race. Id. at 7-10. In ground three, petitioner argues the prosecutor and defense counsel violated California's Racial Justice Act by working in concert to convict him based on his race. Id. at 11-19. Finally, in ground four, petitioner contends the prosecutor's decision to prosecute him was part of a statewide selective enforcement scheme involving the three strikes law that violated the California Racial Justice Act, the California Constitution, and petitioner's federal constitutional right to equal protection. Id. at 20-32.

### II.   Motion to Dismiss

Respondent argues the federal habeas petition should be dismissed because it is untimely, as it was filed well beyond the one-year statute of limitations in 28 U.S.C. § 2244(d). ECF No. 13 at 2-3. In addition, respondent contends that petitioner has failed to properly exhaust his state court remedies. Id. at 3-4. Because respondent argues that the habeas petition is time-barred, he does not address the merits of petitioner's federal habeas claims, other than contending that all four of petitioner's grounds for relief also fail to state a cognizable federal claim because they are challenging the application of state law. Id. at 4. To the extent that petitioner's fourth ground for relief includes passing references to "equal protection" or "due process" as part of his California Racial Justice Act claim, respondent argues such references do not transform his state law claim into a cognizable federal claim. Id. at 4, fn. 6; ECF No. 16 at 2.

3

Petitioner has filed several documents opposing the motion to dismiss (ECF Nos. 15, 17-19) and contending that respondent's attempt to dismiss his federal habeas petition based on procedural defects, rather than substantively responding to the merits of petitioner's claims, violated the court's February 2025 order directing respondent to respond to the petition.  ECF No. 18 at 1-3; ECF No. 19 at 1.[2]  Petitioner also contends that his petition should be considered timely due to the "mailbox rule," although it is unclear how petitioner believes that rule should be applied in this context.  ECF No. 18 at 4, 24-25.  Finally, petitioner asserts that he only discovered the county-wide statistical data analysis relating to the three strikes law that he cites in his fourth ground for relief on January 1, 2024, and that this data analysis constitutes "new evidence" to excuse his otherwise untimely filing.  Id. at 4.  Because petitioner filed his federal habeas petition on December 30, 2024, within one year of discovering this "new evidence" on January 1, 2024, petitioner argues his federal habeas petition should be considered timely.[3]  ECF No. 19 at 4.

III.    Discussion

A.    Statute of Limitations

1.  Overview

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  The one-year clock commences from one of several alternative triggering dates.  28 U.S.C. § 2244(d)(1).  In most cases the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, petitioner contends that the limitations period began to run not upon the finality of his conviction but on January 1, 2024, when he discovered "new evidence."  ECF No. 18 at 4.  Accordingly, the court first addresses the question when the statute began to run.

---

[2] Petitioner is informed that either an answer or a motion to dismiss may be filed in response to a federal habeas petition when a response is ordered.

[3] Petitioner has also filed two additional supporting declarations.  ECF Nos. 15, 17.  The first largely reiterates his arguments from ground four of his federal habeas petition.  ECF No. 15.  The second contains arguments relating to the conditions of his present confinement which are not properly raised in this federal habeas action.  ECF No. 17.

2.  Petitioner Is Not Entitled to a Post-Finality "Trigger Date"

Petitioner avers that on January 1, 2024, he "obtained a copy of the Committee on Revision of the Penal Code Annual Report 2021, including Statistical data analysis in Appendix B 'County-level Incarceration Rates by Race for People Sentenced Under the Three Strikes law.'" ECF No. 18 at 4.  He argues that the statute of limitations for his claims was not triggered until discovery of this evidence.  Id.  This argument suggests the alternative trigger date established by § 2244(d)(1)(D), which applies where there has been delayed discovery of claims.[4]

The statute provides that the limitations period may, in an appropriate case, run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  § 2244(d)(1)(D).  This language expressly focuses on the discovery (or discoverability) of the facts giving rise to the claim ("the factual predicate of the claim or claims"), and not on the discovery of evidence to support such factual allegations.  Id.  Moreover, this trigger date applies by its terms when the factual predicate of a claim *could have been* discovered through the exercise of due diligence, and not when it actually *was* discovered.  Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012).  "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."  Id. (citations omitted).

Petitioner's late-discovered evidence theory does not entitle him to the delayed limitations period he seeks.  First, an annual report issued in 2021 undoubtedly could have been discovered through the exercise of due diligence before 2024.  The date that petitioner actually obtained the report is not dispositive.  Ford, 683 F.3d at 1235.  Second, statistical data about racial disparities in the county is at most supporting evidence for petitioner's equal protection claim; it does not provide the factual basis for the claim that petitioner's equal protection rights were violated.[5]

---

[4]  Petitioner cites § 2254(e)(A)(ii), ECF No. 18 at 4, which governs the availability of evidentiary hearings in federal habeas cases.  This provision has no bearing on the trigger date analysis.  The court assumes the truth of petitioner's allegation that he discovered the statistical data on the date he claims.  Accordingly, no evidentiary hearing is necessary on the limitations issue.

[5]  The court focuses on the timeliness of petitioner's equal protection claim because petitioner's other claims assert rights under California law, which does not provide a basis for federal habeas relief.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie

5

Petitioner acknowledges that he brought a pretrial motion in March of 2019 challenging his prosecution as racially discriminatory. ECF No. 18 at 4. Accordingly, the factual predicate for an equal protection claim was known to petitioner, and/or he was aware of the need to develop the vital facts in support of such a claim, no later than March 2019.

Because § 2244(d)(1)(D) does not apply, the statute of limitations began to run when petitioner's conviction became final upon conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). As noted above, the California Supreme Court denied review of petitioner's second petition for review on September 14, 2022. ECF No. 14-7. The time to seek direct review ended on December 13, 2022, when the ninety-day period to file a petition for writ of certiorari to the United States Supreme Court expired. Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011). The one-year limitation period therefore commenced running the following day, December 14, 2022. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Accordingly, unless the statute of limitations period was tolled, the last day for petitioner to file a timely federal habeas petition was December 13, 2023.

### 3. Petitioner is Not Entitled to Tolling

#### a. Statutory Tolling Does Not Apply

The one-year limitations period does not include days when a "properly filed" state petition for collateral relief is pending. See 28 U.S.C. § 2244(d)(2) (providing that statute of limitations is tolled during pendency of properly-filed applications for state collateral relief). However, a petition filed after the limitations period has expired does not retroactively extend that period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (finding "section 224(d) does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (concluding state habeas petition filed "well after the AEDPA statute of limitations ended" did not alter the untimeliness of the federal petition). Here, petitioner did not file any collateral actions in state court within the one-year

for errors of state law). To the extent if any that Claims One through Three could be construed as asserting federal constitutional rights independent of California's Racial Justice Act and other state law, there is no basis for a delayed trigger date. These claims are based on petitioner's arraignment, plea, and other events of which he was aware at the time.

6

limitations period.  His first state court petition was filed in Sacramento County Superior Court on March 15, 2024, three months after the December 13, 2023, expiration of the federal limitations period.  See ECF No. 14-8.  Petitioner is therefore not entitled to any period of statutory tolling.[6]

Because petitioner did not file his federal petition until December 24, 2024, over one year after expiration of the statute of limitations, it can only be saved from dismissal for untimeliness if petitioner is entitled to equitable tolling.

b.   There is No Basis for Equitable Tolling

Equitable tolling requires a showing "(1) that [petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" that made it impossible to file a petition on time.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).  "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015).

Petitioner does not address whether he has been diligent in pursuing his rights, but even assuming reasonable diligence, equitable tolling would not be warranted because he has not shown that any extraordinary circumstance stood in his way and prevented him from timely filing his petition.[7]  Indeed, petitioner's only arguments in opposition to the motion to dismiss are based on his 2024 discovery of "new statistical evidence," which has been addressed above, and the

[6] To the extent if any that petitioner's reference to the "mailbox rule," ECF No. 18 at 4, is directed toward statutory tolling, he does not identify any petition that was constructively filed prior to December 13, 2023.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's pleading is deemed filed on the date the prisoner delivered the document to prison officials for mailing, rather than on the date it is docketed).  Accordingly, this rule has no application here.

[7] To the extent that petitioner's recent filings describe unlawful and dangerous conditions of confinement (such as prison staff purportedly staging fights between prisoners), he does not suggest that any such conditions were the cause of his one-year delay in filing his federal habeas petition.  ECF No. 15 at 3-6.

idea that application of the "mailbox rule" should somehow save his petition from untimeliness. ECF No. 18 at 4. The "mailbox rule" provides that inmate pleadings are deemed constructively filed when delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). This rule accommodates delays in the prison mail system that can hinder the timely receipt of documents by the courts. But the petition in this case is not untimely because of a delay in the court's receipt of the pleading, it is untimely because it was submitted over a year late. The mailbox rule has no application here.

Because petitioner has not demonstrated a basis for either statutory or equitable tolling of the one-year statute of limitations, his habeas petition is time-barred. The motion to dismiss should be granted on grounds of untimeliness.

### B.      Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). The petitioner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982) (establishing the total exhaustion rule).

After reviewing the two petitions for review he submitted to the California Supreme Court, the undersigned concludes that petitioner has not properly exhausted the grounds for relief presented in his federal habeas petition. ECF No. 1. As noted above, the federal habeas petition alleges that petitioner's conviction resulted from multiple violations of California's Racial Justice Act. Id. These issues were never presented to the California Supreme Court. Petitioner's 2022 petitions for review of the conviction presented issues related to his Sixth Amendment right to counsel and application of amendments to Penal Code section 1170. ECF No. 14-3, 14-6.

Neither petition for review contained allegations relating to California's Racial Justice Act or petitioner's related equal protection argument. As noted above, these claims were presented in state habeas only to the Sacramento County Superior Court, after the one-year statute of limitations had already expired. ECF No. 14-8. Petitioner did not seek further collateral review in the state courts, so these claims were never presented to the state's highest court and are therefore unexhausted.

Accordingly, petitioner's four grounds for relief in his federal habeas petition are unexhausted as they have not been fully and fairly presented to the California Supreme Court. Petitioner's habeas petition must also be dismissed on this basis.[8]

C. Motion for Recognizance or Bail

Petitioner also filed a motion asking the court to release him from state custody on his own recognizance or bail due to the likelihood that he will succeed on the merits of his federal habeas petition. ECF No. 11 at 1-3. As discussed above, the court does not find that federal habeas relief is warranted. Petitioner's motion (ECF No. 11) must therefore be DENIED.

IV. Conclusion

For the reasons explained above, the habeas petition must be dismissed as untimely and unexhausted. The statute of limitations is not a court-imposed deadline, and the court has no authority to excuse such lateness. Because federal review of the petition is time-barred, the court also does not find a stay appropriate to permit petitioner additional time to return to the state courts to properly exhaust his federal claims. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be GRANTED;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed as untimely and unexhausted; and

3. Petitioner's Motion for Recognizance or Bail (ECF No. 11) be DENIED.

---

[8] It is therefore unnecessary to address the parties' remaining disagreement regarding whether petitioner's fourth ground for habeas relief sufficiently states a cognizable federal claim. ECF No. 13 at 5-6; ECF No. 19 at 5.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: March 30, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE